**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JUAN CARLOS GIL, an individual,
CARLOS CUESTA, an individual,
PAUL MARTINEZ, an individual,
and
ACCESS 4 ALL, INC., a Florida Not-for-Profit Corporation,

CASE: 1:26-cv-2173 (AMN/PJE)

Plaintiffs,

v.

SARATOGA HARNESS RACING, INC., a New York Business Corporation,
SARATOGA CASINO HOLDINGS LLC, a Delaware Limited Liability Company,
SARATOGA CASINO RACING INC., a New York Business Corporation,
and

Defendants.
_____________________________________/

**COMPLAINT**

Plaintiffs, JUAN CARLOS GIL, an individual, CARLOS CUESTA, an individual, PAUL MARTINEZ, an individual, and ACCESS 4 ALL, INC., a Florida Not-for-Profit Corporation, on behalf of themselves and all other persons similarly situated (collectively hereinafter "Plaintiffs"), hereby sue, SARATOGA HARNESS RACING, INC., a New York Business Corporation, SARATOGA CASINO HOLDINGS LLC, a Delaware Limited Liability Company, SARATOGA CASINO RACING INC., a New York Business Corporation, (collectively hereafter "Defendants") and as grounds allege:

## JURISDICTION AND VENUE

1. The Court has original jurisdiction over Plaintiffs' claims arising under 42 U.S.C. § 12181, *et seq*. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq.*

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 36.202, 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq.*

4. Plaintiff, JUAN CARLOS GIL, is an individual over eighteen years of age, who resides in Florida and is otherwise sui juris. Plaintiff, JUAN CARLOS GIL, is a member of the Not-for-profit Corporation, ACCESS 4 ALL, INC.

5. Plaintiff, JUAN CARLOS GIL, is "disabled" and has at all times herein suffered from a "qualified disability" as defined by the ADA. Plaintiff, JUAN CARLOS GIL, is an advocate for the rights of blind and wheelchair bound disabled individuals (like himself). Plaintiff travels around the U.S. and internationally, including but not limited to events aimed at, or geared toward, people with disabilities. Plaintiff, Gil, is also an active member of the National Federation of the Blind and on the board of directors for Access. As such, he actively promotes both groups and addresses the needs of active and prospective members of both organizations and the disabled community at large, on his travels.

6. Plaintiff, CARLOS CUESTA, is an individual over eighteen years of age, who resides in Florida and is otherwise sui juris. Plaintiff, CARLOS CUESTA, is a member of the Not-for-profit Corporation, ACCESS 4 ALL, INC.

7. Plaintiff, CARLOS CUESTA, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, CARLOS CUESTA, is a hemiplegic with partial paralysis on his left side of the body. His mobility is limited and can only stand for short intervals. He also has great deal of trouble walking more than short distances. Plaintiff, CARLOS CUESTA, is limited in his major life activities by such, including but not limited walking, standing, grabbing, grasping and/or pinching using the left side of the body.

8. Plaintiff, PAUL MARTINEZ, is an individual over eighteen years of age, who resides in Florida and is otherwise sui juris. Plaintiff, PAUL MARTINEZ, is a member of the Not-for-profit Corporation, ACCESS 4 ALL, INC.

9. Plaintiff, PAUL MARTINEZ, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, PAUL MARTINEZ, has been totally blind since 2007 as a result of Multiple Sclerosis, retaining only limited light perception in his left eye. Plaintiff, PAUL MARTINEZ, is an advocate for the rights of blind and individuals (like himself). Plaintiff travels around the U.S. and internationally, including but not limited to events aimed at, or geared toward, people with disabilities. As such, he actively promotes both groups and addresses the needs of active and prospective members of both organizations and the disabled community at large, on his travels.

10. Plaintiff, ACCESS 4 ALL, INC, is a Florida Not-for-profit Corporation, formed under the laws of Florida, and maintains its principal office in Miami-Dade County, Florida. Members of its organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not

discriminated against because of their disabilities. ACCESS 4 ALL, INC and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendants' discrimination until the Defendants are compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. ACCESS 4 ALL, INC has also been discriminated against because of its association with its disabled members and their claims.

11. At all times material, Defendant, SARATOGA HARNESS RACING, INC., was and is a New York Business Corporation located in New York and doing business in the State of New York, owning and operating a hotel in the State of New York, and deriving substantial revenue from the State.

12. At all times material, Defendant, SARATOGA HARNESS RACING, INC., owned, leased, and/or operated the Commercial Property located at 342 Jefferson Street, Saratoga Springs, NY 12866 (hereinafter "Commercial Property") operated as "Saratoga Casino Hotel and Harness Racing".

13. At all times material, Defendant, SARATOGA CASINO HOLDINGS LLC, was and is a Delaware Limited Liability Company located in New York and doing business in the State of New York, owning and operating a hotel in the State of New York, and deriving substantial revenue from the State.

14. At all times material, Defendant, SARATOGA CASINO HOLDINGS LLC, owned, leased, and/or operated the Commercial Property located at 342 Jefferson Street, Saratoga Springs, NY 12866.

15. At all times material, Defendant, SARATOGA CASINO RACING INC., was and is a New York Business Corporation located in New York and doing business in the State of New

York, owning and operating a hotel in the State of New York, and deriving substantial revenue from the State.

16. At all times material, Defendant, SARATOGA CASINO RACING INC., owned, leased, and/or operated the Commercial Property located at 342 Jefferson Street, Saratoga Springs, NY 12866.

17. Venue is properly located in the Northern District of New York pursuant to 28 U.S.C.A. § 1391(b) in that all events giving rise to this lawsuit occurred in Saratoga Springs, New York.

18. Defendants' Commercial Property at issue in this matter and the business therein are located in and around the Saratoga County area. The Defendants regularly conduct business within Saratoga County area, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Saratoga County area.

## FACTUAL ALLEGATIONS

19. Although Plaintiffs, JUAN CARLOS GIL, CARLOS CUESTA and PAUL MARTINEZ, currently live in South Florida, they visit New York frequently to attend sporting events and charity functions as well as to visit with friends.

20. Plaintiff, JUAN CARLOS GIL, visited the Commercial Property several times from June 4, 2026 through June 8, 2026. Plaintiff, JUAN CARLOS GIL, was in the area attending racing events at the Saratoga Race Course and the Commercial Property had a shuttle to take patrons to the Saratoga Race Course.

21. Plaintiffs, CARLOS CUESTA and PAUL MARTINEZ, visited the Commercial Property from September 6, 2026 through September 7, 2026. Plaintiffs were in Saratoga, New York attending the Harness Racing event held at the Saratoga Race Course.

22. Plaintiffs intend to return to stay at the Commercial Property in the Summer of 2027 to attend concerts and racing events held at the Saratoga Race Course.

23. Defendants have discriminated against Plaintiffs by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property as prohibited by 42 U.S.C. § 12182, *et seq*.

24. Defendants have discriminated, and continue to discriminate, against Plaintiffs in violation of the ADA by failing, *inter alia*, to have accessible facilities by January 26, 1992. A list of the violations that Plaintiffs encountered during their visits to Defendants' Commercial Property includes, but is not limited to, the following specific defect violations of the ADA:

A. Parking and Exterior Routes

i. Several accessible parking spaces lack access aisles, the accessible parking spaces and access aisles are improperly marked, and these areas contain slopes greater than three percent, violating § 502 of the 2010 ADA Standards for Accessible Design. The improper design places restrictions on Plaintiffs by restricting their ability to maneuver within the parking area.

ii. The accessible parking spaces are not located closest to the entrances they serve and are located behind VIP and other parking spaces, violating § 502 of the 2010 ADA Standards for Accessible Design. The improper design places restrictions on Plaintiffs by restricting their ability to maneuver within the parking area.

iii. The access aisles fail to adjoin an accessible route to the entrances, violating § 502.3 of the 2010 ADA Standards for Accessible Design. The improper design places restrictions on Plaintiffs by restricting their ability to maneuver within the parking area.

iv. The passenger loading zones and bus stops fail to comply with the accessibility requirements, violating the 2010 ADA Standards for Accessible Design. The improper design places restrictions on Plaintiffs by restricting their ability to maneuver within the parking area.

v. The accessible route from the parking area to the entrances contains ramps with excessive running slopes and cross slopes in the path of travel, violating the 2010 ADA Standards for Accessible Design. The improper design places restrictions on Plaintiffs by restricting their ability to maneuver within the parking area.

B. Access to Goods and Services

i. The counter and bar surfaces in Diamond Jim's, Lucky Joes, the harness track, and the casino dining and wagering areas are mounted at a height greater than thirty-four inches above the finished floor, violating § 902 of the 2010 ADA Standards for Accessible Design. The improper height of the counter places restrictions on the Plaintiffs and impedes their access to services provided by the Commercial Property.

ii. The pool and fitness center shower is inaccessible, violating the 2010 ADA Standards for Accessible Design. The shower design places restrictions on the Plaintiffs and impedes their access to services provided by the Commercial Property.

iii. The towels and wipes in the fitness center are not located on an accessible route and/or are located beyond the allowable reach range, violating the 2010 ADA Standards for Accessible Design. The improper design places restrictions on the Plaintiffs and impedes their access to the fitness center.

iv. The harness racing track lacks compliant viewing spaces and an accessible route to the apron, violating the 2010 ADA Standards for Accessible Design.

v. The voucher and wagering machines are located beyond the allowable reach range, violating §§ 308 and 309 of the 2010 ADA Standards for Accessible Design. The improper design places restrictions on the Plaintiffs and impedes their access to services provided by the Commercial Property.

vi. The computer desk is inaccessible, violating § 902 of the 2010 ADA Standards for Accessible Design. The improper design of the desk places restrictions on the Plaintiffs and impedes their access to services provided by the Commercial Property.

C. Family Restroom

i. The sink lacks the required pipe insulation, violating § 606.5 of the 2010 ADA Standards for Accessible Design. The lack of insulation places restrictions on the Plaintiffs and impedes their access to the family restroom.

ii. The reflective surface of the mirror is set at a height greater than forty inches above the finished floor, violating § 603.3 of the 2010 ADA Standards for Accessible Design. The height of the mirror places restrictions on the Plaintiffs and impedes their access to the family restroom.

iii. The toilet paper dispenser is improperly located, violating § 604 of the 2010 ADA Standards for Accessible Design. The improperly located dispenser places restrictions on the Plaintiffs and impedes their access to the family restroom.

D. Racetrack Restrooms

i. The coat storage hook is mounted at a height greater than forty-eight inches above the finished floor, violating §§ 308 and 603.4 of the 2010 ADA Standards for Accessible Design. The improperly placed hook places restrictions on the Plaintiffs and impedes their access to the restrooms.

ii. The stall door lacks a self-closer and handles, violating the 2010 ADA Standards for Accessible Design. The lack of proper hardware places restrictions on the Plaintiffs and impedes their access to the restrooms.

iii. The toilet paper dispenser is improperly located, violating § 604 of the 2010 ADA Standards for Accessible Design. The improper layout places restrictions on the Plaintiffs and impedes their access to the restrooms.

E. Hotel Restrooms

i. The sink lacks the required knee clearance, violating the 2010 ADA Standards for Accessible Design. The lack of clearance places restrictions on the Plaintiffs and impedes their access to the restrooms.

ii. The sink is mounted at a height greater than thirty-six inches above the finished floor, violating § 606.3 of the 2010 ADA Standards for Accessible Design. The improperly mounted sink places restrictions on the Plaintiffs and impedes their access to the restrooms.

iii. The grab bars are improperly located, violating § 609.4 of the 2010 ADA Standards for Accessible Design. The improperly mounted grab bars place restrictions on the Plaintiffs and impede their access to the restrooms.

iv. The restroom door lacks the required maneuvering space to exit the restroom, violating § 404 of the 2010 ADA Standards for Accessible Design. The lack of clearance places restrictions on the Plaintiffs and impedes their access to the restrooms.

v. The toilet paper dispenser is improperly located, violating § 604 of the 2010 ADA Standards for Accessible Design. The improperly set dispenser places restrictions on the Plaintiffs and impedes their access to the restrooms.

F. <u>Hotel Guestroom</u>

i. The curtain controls in the guestroom require a reach over an obstruction, violating the 2010 ADA Standards for Accessible Design. The improperly installed hardware places restrictions on the Plaintiffs and impedes their access to the guestroom.

ii. The toilet in the guestroom lacks the required clearance, violating § 604 of the 2010 ADA Standards for Accessible Design. The lack of clearance places restrictions on the Plaintiffs and impedes their access to the guestroom.

iii. The grab bars in the guestroom are improperly located, violating § 609 of the 2010 ADA Standards for Accessible Design. The improper hardware places restrictions on the Plaintiffs and impedes their access to the guestroom.

iv. The sink in the guestroom impedes access to the roll-in shower, violating § 608 of the 2010 ADA Standards for Accessible Design.

v. The roll-in shower in the guestroom has an inaccessible design, violating §§ 608.2.2, 608.3.2, 608.4, and 610 of the 2010 ADA Standards for Accessible Design.

25. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and/or 28 CFR 36.505.

**COUNT I – ADA VIOLATIONS**

26. Plaintiffs adopt and re-allege the allegations set forth in paragraphs 1 through 25 above as though fully set forth herein.

27. The discriminatory violations described in this Complaint are not an exclusive list of Defendants' ADA violations. Plaintiffs request an inspection of Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiffs further request to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiffs from further ingress, use, and equal enjoyment of the Commercial Property and the business(es) therein; Plaintiffs request to be physically present at such inspection in conjunction with Rule 34 and timely notice.

28. The Plaintiffs, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs, and activities offered by Defendants' Commercial Property and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The Plaintiffs, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

29. Defendants have discriminated against the Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against Plaintiffs, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

30. Plaintiffs are without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiffs. Plaintiffs have retained the undersigned counsel and are entitled to recover attorneys' fees, costs, and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

31. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

32. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992. All other conditions precedent have been met by Plaintiffs or

waived by Defendants.

33. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs' Injunctive Relief, including an order to alter the property where Defendants operate their business(es) located within the Commercial Property, the interiors, exterior areas, and the common exterior areas of the Commercial Property to make those facilities readily accessible and useable to the Plaintiffs and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure their violations of the ADA.

**WHEREFORE**, the Plaintiffs respectfully request the Court:

a. Issue a Declaratory Judgment determining Defendants, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181.

b. Issue injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

c. Grant an award of attorneys' fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Grant such other relief as the Court deems just and proper, and/or is allowable under

Title III of the Americans with Disabilities Act.

**COUNT II – VIOLATIONS OF 28 C.F.R. SECTION 36.302(e)(1)**

34. Plaintiffs incorporate and reallege paragraphs 1 through 25 as though set forth fully herein.

35. This is an action for violations of 28 C.F.R. Section 36.302(e)(1).

36. More specifically, 28 C.F.R. Section 36.302(e)(1) imposes the following requirement: Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -

(i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

(ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

(iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

(iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

(v) Guarantee that the specific accessible guest room reserved through its reservations

service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others. These regulations became effective March 15, 2012.

37. Defendants own, operate, control and/or maintain a website for the Commercial Property, and/or manage listings and provide information to third party site, which contain an online reservations systems for the Commercial Property. This website is located at: https://saratogacasino.com/

38. The purpose of this website is so that members of the public may reserve guest accommodations and review information pertaining to the goods, services, features, facilities, benefits, advantages, and accommodations of the Commercial Property. As such, this website is subject to the requirements of 28 C.F.R. Section 36.302(e).

39. Prior to the commencement of this lawsuit, Plaintiffs, JUAN CARLOS GIL, CARLOS CUESTA and PAUL MARTINEZ, visited the Defendants' website for the purpose of reviewing and assessing the accessible features at the Commercial Property and ascertain whether they meet the requirements of 28 C.F.R. Section 36.302(e) and their accessibility needs. In each instance, at various points in the reservation process each website indicated that handicap or mobility accessible rooms were available.

40. In each instance the website provided insufficient information or misinformation regarding accessible features in the rooms or the hotel. Indeed, Plaintiffs' room did not contain sufficient accommodations and, consequently, Plaintiffs were not able to use the room.

41. In the near future, including as set forth above, Plaintiffs, JUAN CARLOS GIL, CARLOS CUESTA and PAUL MARTINEZ, intend to revisit the Defendants' website and/or online reservations system in order to test them for compliance with 28 C.F.R. Section 36.302(e)

and/or to utilize the website to reserve a guest room and otherwise avail themselves of the goods, services, features, facilities, benefits, advantages, and accommodations of the Commercial Property.

42. Plaintiffs are continuously aware that the subject website remain non-compliant and that it would be a futile gesture to revisit the website as long as those violations exist unless they are willing to suffer additional discrimination.

43. The violations present at the Defendants' website infringe Plaintiffs' right to travel free of discrimination and deprive them of the information required to make meaningful choices for travel. Plaintiffs have suffered, and continue to suffer, frustration and humiliation as the result of the discriminatory conditions present at the Defendants' website. By continuing to operate the website with discriminatory conditions, Defendants contribute to Plaintiffs' sense of isolation and segregation and deprive Plaintiffs the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at the Defendants' website and knowing that it would be a futile gesture to return to the website unless they are willing to endure additional discrimination, Plaintiffs are deprived of the same advantages, privileges, goods, services and benefits readily available to the general public. Defendants' online reservations system serves as a gateway to their hotel. Because this online reservations system discriminates against Plaintiffs, it is thereby more difficult to book a room at the hotel or make an informed decision as to whether the facilities at the hotel are accessible.

44. Plaintiffs have suffered and will continue to suffer direct and indirect injury as a result of the Defendants' discrimination until the Defendants are compelled to modify their website to comply with the requirements of the ADA and to continually monitor and ensure that the subject

website remains in compliance.

45. Plaintiffs have a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this website. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendants.

46. Defendants have discriminated against the Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302(e). Furthermore, the Defendants continue to discriminate against the Plaintiffs, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

47. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendants to alter the subject website to make them readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA and 28 C.F.R. Section 36.302(e); or by closing the website until such time as the Defendants cure their violations of the ADA.

48. Plaintiffs pray for judgment as set forth below.

**WHEREFORE**, the Plaintiffs respectfully request the Court:

a. Issue a Declaratory Judgment determining Defendants, at the commencement of

the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and 28 C.F.R. Section 36.302(e);

b. Issue injunctive relief against the Defendants including an order to revise their website to comply with 28 C.F.R. Section 36.302(e) and to implement a policy to monitor and maintain the website to ensure that it remains in compliance with said requirement;

c. Grant an award of attorneys' fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205; and

d. Grant such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

**COUNT III VIOLATIONS OF NEW YORK STATE HUMAN RIGHTS LAW**

49. Plaintiffs adopt and re-allege the allegations set forth in paragraphs 1 through 25 above as though fully set forth herein.

50. Plaintiffs have a disability as defined by New York State Human Rights Law.

51. Defendants own, operate, or lease a public accommodation, within the meaning of New York State Human Rights Law § 292(9).

52. Defendants have not provided Plaintiff and others similarly situated with evenhanded treatment in violation of New York State Human Rights Law § 296.

53. Defendants' direct or indirect unevenhanded treatment of Plaintiffs and others similarly situated is demonstrated when he was segregated from all other customers.

54. Defendants have, because of Plaintiffs' disabilities, directly or indirectly, refused, withheld from or denied Plaintiffs any of the accommodations, advantages, facilities or privileges of their public accommodation.

55. Defendants have demonstrated that the patronage or custom thereat of Plaintiffs and

others similarly situated, is unwelcome, objectionable or not acceptable, desired or solicited.

56. Defendants and their agents discriminated against Plaintiffs in violation of New York State Human Rights Law § 296.

57. Defendants discriminated against Plaintiffs by creating, fostering, and otherwise failing to prevent or remedy the discrimination against Plaintiffs, in violation of New York State Human Rights Law § 296.

58. As a direct and proximate result of the disability discrimination perpetrated by Defendants in violation of the New York State Human Rights Law, Plaintiffs have suffered and continue to suffer physical and emotional distress and pain -- including but not limited to great levels of fear, anxiety, indignity, humiliation, loss of self-esteem and self-confidence.

**WHEREFORE**, Plaintiff requests the following relief from the Court:

a. Enter declaratory judgment specifying Defendants' conduct as alleged here has violated, and continues to violate, Title III of the ADA, New York State law, and its implementing regulations and declaring the rights of Plaintiffs and other persons similarly situated as to the policies, practices, procedures, facilities, goods and services offered by Defendants to the public.

b. Issue a permanent injunction 1) proscribing disability discrimination, 2) requiring Defendants to alter their public accommodation making such public accommodation readily accessible to and usable to individuals with disabilities, 3) adopt a policy and procedure to handle requests for reasonable accommodations; and 4) compelling Defendants to make all necessary modifications to Defendants' policies or practices so that Plaintiffs will not be subject to further discrimination, in accordance with New York State Human Rights Law and Title III of the ADA.

c. Pursuant to New York State Civil Rights Law § 40-c and 40-d, hold Defendants liable for $500 for *each* and every violation.

d. The court retain jurisdiction over the Defendants until the court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur.

e. Award Plaintiff compensatory damages in the amount to be determined at trial for Defendants' violation of New York State Human Rights Law.

f. Award Plaintiffs punitive damages in the amount to be determined at trial for Defendants' violation of New York State Human Rights Law.

g. Find that Plaintiffs are a prevailing party in this litigation and award reasonable attorney fees, costs and expenses, and such other and further relief, at law or in equity, to which the Plaintiffs and other persons similarly situated may be justly entitled.

Dated: 10/21/2026

Respectfully submitted,

*/s/ Racheal O. Williams*
RACHEAL O. WILLIAMS, ESQ.
Bar Roll No. 707910
**THE MINEO SALCEDO LAW FIRM, P.A.**
5600 Davie Road
Davie, FL 33314
Telephone: (954) 463-8100
Facsimile: (954) 463-8106
service@mineolaw.com
rwilliams@mineolaw.com
jillb@mineolaw.com
*Attorney for Plaintiffs*